**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| | * |
| JUDITH JONES, | |
| | * |
|       Plaintiff, | |
| | * |
| v. |           **Case No.: PWG-14-4042** |
| | * |
| MONTGOMERY COUNTY PUBLIC | |
| SCHOOLS, *et al.*, | |
| | * |
|       Defendants. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Judith Jones is a school teacher previously employed by Montgomery County Public Schools. Defendants are Montgomery County Public Schools and certain administrators and employees, Jerry Weast, Larry Bowers, Susan DeGraba, and Richard Johnston, (collectively, "Montgomery Schools"), and Montgomery County Education Association and Dough Prouty, President of the association (collectively, the "Education Association"). The Education Association is a labor union representing teachers and other professionals at Montgomery Schools. Collectively, I will refer to the parties that Jones has sued as "Defendants."

Jones claims Montgomery Schools and the Education Association mistreated her during her tenure at Montgomery Schools. Jones twice previously brought cases against Defendants in this Court, and twice this Court has dismissed them. The more recent dismissal was affirmed by the Fourth Circuit. Jones then filed this claim with the United States District Court for the District of Columbia, requesting that the "DC Federal Court reopen and overturn" this Court's prior decision. Compl. 1, ECF No. 1. The District of Columbia Court transferred Jones's case to

this Court.  ECF No. 3.  Defendants have filed motions to dismiss.  ECF Nos. 15 & 17.  Because

Jones's claims are barred under the doctrine of *res judicata*, I will GRANT Defendant

Montgomery Schools's motion to dismiss and GRANT IN PART and DENY IN PART the

Education Association's motion, GRANTING its motion to dismiss but DENYING its motion

for a pre-filing injunction.

## I.   BACKGROUND AND PROCEDURAL HISTORY

### A.  Factual Background

Jones began working as a teacher at Montgomery Schools in 1997 with 10 years of

teaching experience.  Am. Compl. 2, ECF No. 9.  During her tenure at Montgomery Schools, she

contends that she was "involuntarily transferred six times between 1998 and 2011, recommended

to Peer Assistance Review [('Review')] five times, and terminated for teaching a math course."

*Id.* at 4.  Plaintiff also asserts that she did not receive certain raises and bonuses and experienced

certain pay deductions during this period.  *Id.* at 3–4.  Plaintiff claims that this mistreatment by

Montgomery Schools and the Education Association culminated in Defendants' use of the

Review process "against the Plaintiff to coerce a resignation from or terminate the tenure with"

Montgomery Schools and the Education Association.  *Id.* at 3.

### B.  Procedural History

Jones has an extended history of claims against Defendants.   Jones filed an initial

complaint in this Court on July 18, 2013.  *Jones v. Montgomery Cnty. Pub. Sch.*, No. PWG-13-

2077 (D. Md. filed July 18, 2013) ("*Jones I*").  In this complaint, Jones alleged that she was "left

out of the plans for academies," "involuntarily transferred," and "harassed, intimidated, and

coerced."  *Jones I*, ECF No. 1.  On July 24, 2013, I ordered Jones to supplement her complaint

"by providing the court with a copy of any 'right to sue' letter from the Equal Employment Opportunity Commission," ("EEOC"), which would provide documentation that Jones had exhausted her administrative remedies. *Jones I*, ECF No. 4. Jones subsequently filed a motion to dismiss the case, *Jones I*, ECF No. 9, which I granted without prejudice, *Jones I*, ECF No. 10.

On September 24, 2013, Jones filed a second complaint against Defendants. *Jones v. Montgomery Cnty. Pub. Sch.*, No. GLR-13-2795 (D. Md. filed Sept. 24, 2013) ("*Jones II*").[1] Plaintiff made similar claims in *Jones II* as she did in *Jones I*. Jones claimed that she was "left out of the plans for academies" and involuntarily transferred while teaching at Montgomery Schools. Jones stated that she did not receive certain bonuses and was placed in the Review program. *Jones II*, Compl.

Judge Russell dismissed Jones's claims in *Jones II* because she failed to exhaust her administrative remedies and failed to state a claim. *See Jones II*, ECF No. 42. Although Jones had an EEOC right-to-sue letter with respect to her claims against Montgomery Schools, she did not have a right-to-sue letter with respect to the Education Association and "failed to append the charge to her complaint." *Id.* at 2. Therefore, this Court dismissed Jones's claims against the Education Association under Fed. R. Civ. P. 12(b)(1) for failure to exhaust her administrative remedies. With respect to Defendant Montgomery Schools, this Court dismissed Jones's claim

---

[1] Jones's complaint, *Jones II*, ECF No. 1, appears to be missing its second page, which is where it appears Jones sought to set forth her substantive claims. Jones provided an "amended opening statement" in her response to Defendants' motion to dismiss. *Jones II*, ECF Nos. 35 & 35-1. Judge Russell's memorandum dismissing Jones's case, *Jones II*, ECF No. 42, treats this amended opening statement as her complaint. *Compare id.* ("Only one line of the Complaint attempts to identify the basis of Jones's discrimination allegations—'Plaintiff will show that plaintiff was coerced out of the system never to teach again for no obvious cause except to get rid of teachers of a certain age, gender, race and salary level who were a drain on the salary expense line item of the system's budget.'"), *with Jones II*, Compl. ¶ 2, ECF No. 35-1 (same). I will take the same approach in treating Plaintiff's amended opening statement as her complaint in *Jones II*.

under Fed. R. Civ. P. 12(b)(6) because her complaint "merely itemize[d] a few incidents without any indication of who committed the conduct, which protected class or classes apply to Jones, or that discrimination had any bearing on her termination, among other things." *Id.* at 3.

Jones appealed the dismissal of *Jones II* to the Fourth Circuit on May 28, 2014. *See Jones II*, ECF No. 43. In an unpublished opinion, the Fourth Circuit affirmed the dismissal. *Jones v. Montgomery Cnty. Pub. Sch.*, 582 F. App'x 243 (Mem.) (4th Cir. 2014) (per curiam). It subsequently denied Jones's petition for rehearing. *See Jones II*, ECF No. 48.

In a candidly acknowledged attempt to make an end run around her lack of success in the District of Maryland, in December 2014, Jones filed a third complaint—this time in United States District Court for the District of Columbia—where she "request[ed] the DC Federal Court reopen and overturn the Maryland District Court May 15, 2014, complex court order [*Jones II*, ECF No. 42]." Compl. 1. Judge Kentaji B. Jackson of the United States District Court for the District of Columbia ordered the case transferred to this Court pursuant to 28 U.S.C. § 1406(a) because Maryland was the appropriate venue under Title VII's venue provision. ECF No. 3; *see also* 42 U.S.C. § 2000e-5(f)(3).

Jones's claims against Defendants are now before this Court yet again. Jones amended her initial complaint on February 5, 2015. Am. Compl. The Education Association filed motion to dismiss and for a pre-filing injunction on March 2, 2015. ECF No. 15. Defendant Montgomery Schools filed a motion to dismiss on March 3, 2015. ECF No. 17. Plaintiff filed a response, ECF No. 19, and the Education Association filed a reply, ECF No. 24. Defendant

Montgomery Schools did not file a reply, and the time to do so has passed. *See* Loc. R. 105.2(a).

A hearing is unnecessary. *See* Loc. R. 105.6.[2]

## II.   DISCUSSION

Plaintiff, who is *pro se*, filed her complaint in the United States District Court for the District of Columbia, requesting that the "DC Federal Court reopen and overturn" the prior decision of this Court, *Jones II*, ECF No. 42, which was subsequently affirmed by the Fourth Circuit, *Jones*, 2014 WL 4290797.  It is unclear from Jones's complaint and amended complaint whether she is seeking reconsideration of *Jones II* or filing new claims against Defendants. Either way, Jones's case will be dismissed.  I will treat Jones's filing as a new claim against Defendants.[3]

---

[2]      Jones also has filed a number of other motions.  She filed a motion for leave to file a second amended complaint, ECF No. 36, and a motion for a restraining order and appointment of counsel, ECF No. 42.  I denied Jones's request for appointment of counsel, ECF No. 45, and Jones's request for reconsideration, ECF No. 48.  I ordered the parties to brief the merits of Jones's request for a restraining order on October 7, 2015.  ECF No. 44.  Finally, Jones filed a motion requesting a temporary restraining order, ECF No. 46, which I have interpreted as Jones's letter in support of her previous motion for restraining order, ECF No. 42.  *See* ECF No. 48.  Because I will grant Defendants' motions to dismiss, I will deny as moot Plaintiff's motion for leave to file a second amended complaint, ECF No. 36; Plaintiff's motion for restraining order, ECF No. 42; and Plaintiff's motion for a temporary restraining order, ECF No. 46.

[3]      If I treated Jones's filing as a motion for reconsideration, it would be denied, and Jones's case would not proceed.  A party may move for relief from a final judgment under Rule 60 when more than twenty-eight days have elapsed from entry of the judgment.  Rule 60(b) provides that the Court may grant such relief for the following reasons:

   (1)      mistake, inadvertence, surprise, or excusable neglect;

   (2)      newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3)      fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4)      the judgment is void;

**A.  Title VII and Age Discrimination Claims**

"'[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies.'" *Murphy v. Adams*, No. DKC-12-1975, 2014 WL 3845804, at *7 (D. Md. Aug. 4, 2014) (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)).   When a defendant challenges subject-matter jurisdiction, the burden is on the plaintiff to prove that subject-matter jurisdiction exists.  *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011).  "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).  To exhaust her administrative remedies, Plaintiff must "bring[] a charge with the EEOC."  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see Jones v. Calvert Group, Ltd*., 551 F.3d 297, 300 (4th Cir. 2009); *see also* 29 U.S.C. § 626(d)(1) (requiring plaintiff to file charge with EEOC prior to filing an age discrimination civil action).

Any Title VII charge filed with the EEOC must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).

---

(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Jones does not provide any reason for me to reconsider this Court's decision in *Jones II*.  Jones provides no evidence that she has obtained an EEOC right-to-sue letter and thereby exhausted her administrative remedies with respect to Defendant Education Association.  Jones also has not provided any reason to reconsider the dismissal of her case for failure to state a claim against Montgomery Schools.

Alternatively, if the employee files the charge with a state or local agency, the charge must be filed within three hundred days. *Id.* Similarly, claims of age discrimination must be filed with the EEOC within one hundred and eighty days after the alleged discrimination occurred or filed with a state agency within three hundred days. 29 U.S.C. § 626(d)(1)(A)–(B). Once the charge is filed with the EEOC and the employee receives a right-to-sue letter regarding either a Title VII claim or an age discrimination claim, the employee has ninety days to bring his or her civil action against the employer. 42 U.S.C. § 2000e-5(f)(1); 26 U.S.C. § 626(e); *see also Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 328 (4th Cir. 2012).

Jones has failed to provide any evidence that she filed an EEOC charge against the Education Association. As a result, Jones's Title VII and age discrimination claims must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction because Jones has not exhausted her administrative remedies. *See Murphy*, 2014 WL 3845804, at *7.

Jones has provided EEOC right-to-sue letters dated August 27, 2013, and June 27, 2014, with respect to Defendant Montgomery Schools only. *See* Compl. 10–11, 14–15. However, because an employee must file his or her civil action against the employer within ninety days after receiving the right-to-sue letter and Jones's filed this case on or around December 12, 2014—outside of the ninety day window starting on June 27, 2014—Jones's Title VII and age discrimination claims were filed outside of the statute of limitations period and must therefore be dismissed. *See Angles*, 494 F. App'x at 328.

I must determine whether these claims will be dismissed with or without prejudice. Plaintiff alleges various Title VII claims against Montgomery Schools and the Education Association with respect to certain events that occurred during her tenure at and leading to her termination from Montgomery Schools. *See* Am. Compl. 2–4. Jones was terminated from

Montgomery Schools on or around February 14, 2012. *Jones II*, Compl. As a result, the events giving rise to Jones's claims occurred almost three and a half years ago. Because Title VII and age discrimination charges must be filed with the EEOC or state or local agency between one hundred and eighty days and three hundred days after the alleged discrimination occurred, it is no longer possible for Jones to file Title VII and age discrimination charges against Defendants with the EEOC. Jones's time to file these claims has passed. As a result, Jones's Title VII and age discrimination claims against all Defendants will be dismissed with prejudice.

### B.  Res Judicata

Jones also brought claims of intentional infliction of emotional distress and defamation against Defendants. Even if Jones did fully exhaust her administrative remedies and was not time-barred from bringing her Title VII and age discrimination claims against Defendants, all of Jones's claims would be dismissed under the doctrine of *res judicata*.

Fed. R. Civ. P. 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,"

*Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from

*Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plaintiff is proceeding *pro se*, and her complaint is

to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal

construction does not absolve Plaintiff from pleading plausible claims.  *See Holsey v. Collins*, 90

F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

I must accept the facts as alleged in Plaintiffs' complaint as true.  *See Aziz v. Alcolac*, 658 F.3d

388, 390 (4th Cir. 2011).

If an affirmative defense "'clearly appears on the face of the complaint,'" the Court may

rule on that defense when considering a motion to dismiss.  *Kalos v. Centennial Sur. Assocs.*, No.

CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201

F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).  One such affirmative

defense is *res judicata*, which "'bars a party from suing on a claim that has already been litigated

to a final judgment by that party or such party's privies and precludes the assertion by such

parties of any legal theory, cause of action, or defense which could have been asserted in that

action.'"  *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D.

Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210

(4th Cir. 2009) (citation and internal quotation marks omitted).  When considering this defense,

"'a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata*

defense raises no disputed issue of fact.'"  *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*,

201 F.3d at 524 n.1).  *Res judicata* provides grounds for dismissal if a defendant establishes "'(1)

a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies,

and (3) a subsequent suit based on the same cause of action.'"  *Ohio Valley Envtl. Coal. v. Aracoma Coal Co*., 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)).  Even if the plaintiff's legal theory differed in the earlier dispute, the doctrine of *res judicata* still bars the current action, provided that "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'"  *Id.* (quoting *Aliff*, 914 F.2d at 42).  Further,

> The preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (internal quotation marks omitted).

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

This Court's prior order granting Defendant Montgomery Schools's motion to dismiss in *Jones II* was a judgment on the merits.

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  With respect to Defendant Montgomery Schools, this Court dismissed Jones's claims for failure to state a claim.  *Jones II*, Mem. Op. 2–3, ECF No. 42.  The dismissal did not state that it was without prejudice; therefore, under Rule 41(b), the dismissal was an adjudication on the merits.[4]

---

[4]      In *Jones II*, this Court dismissed Jones's claims against the Education Association for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because she failed to exhaust her administrative remedies before the EEOC.  *See Jones II*, Mem. Op. 2.  A dismissal for lack

As for the second element, privity exists when "'the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata*.'" *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 493 (4th Cir. 1981) (citation omitted). Put differently, privity "'designates (for *res judicata* purposes) a person so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Id.* (citation omitted). All of the defendants in this case were previously named in *Jones II*. Jones fails to identify a specific claim against the Education Association distinct from those claims that she brings against Montgomery Schools; instead, Jones alleges that the Education Association "colluded" with Montgomery Schools. For these reasons, Defendants Montgomery Schools and the Education Association are in privity. Because this Court previously dismissed Jones's claims against Montgomery Schools on their merits, Jones's current claims against the Education Association are barred under *res judicata*— provided the other elements are present—even though the Court dismissed Jones's claims against the Education Association for failure to exhaust her administrative remedies. Therefore, Defendants have established the second element of *res judicata*. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210.

With regard to the third element, the claims in this case all "'arise[] out of the same transactions'" as those resolved in *Jones II*. *See id.* (quoting *Aliff*, 914 F.2d at 42). "Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the

---

of jurisdiction does not operate as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). However, for reasons discussed below, the dismissal of Jones's claims against Montgomery Schools on their merits bars not only Jones's current claims against Montgomery Schools but also Jones's current claims against the Education Association because they arise out of the same series of transactions as the claims against Montgomery Schools and the Education Association is in privity with Montgomery Schools.

first suit." *Id.* The doctrine of *res judicata* has been applied broadly, as it "precludes the litigation by the plaintiff in a subsequent action of claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose.'" *Aliff*, 914 F.2d at 43 (alterations in original) (internal quotation marks and citations omitted). Central to this inquiry is whether the new claim "arises from the same factual basis" as the previous claim. *See id.*

The transactions that Plaintiff points to as the basis for her current claims are the same transactions that she previously pointed to in *Jones II*: broadly, Jones's treatment by Montgomery Schools and the Education Association while she was a teacher at Montgomery Schools, and particularly, her involuntary transfer to different schools in the Montgomery Schools system, placement in the Review program, freezing of salary, unpaid bonuses, harassment, intimidation, retaliation, and "coercion to leave her job on the basis of her age, gender, and race." *See* Am. Compl.; *Jones II*, ECF No. 35-1. To the extent that Jones has included new claims in addition to those that she raised in *Jones II*, these claims are precluded because "they arose from the same transaction or occurrence as those raised in the first suit" and Jones has provided no explanation for why these claims were not available to her at the time she filed *Jones II*. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210. Therefore, the third element of *res judicata* also is present.

In sum, all of the elements of *res judicata* are present, and it is clear that Jones already "had a full and fair opportunity to litigate [her] claims against Defendants or their privies" in the *Jones II*. *See Hasan v. Friedman & MacFadyen, P.A.*, No. DKC-11-3539, 2012 WL 3012000, at

*7 (D. Md. July 20, 2012).  *Res judicata* bars Jones's case against Defendants currently before me; therefore, I will dismiss Jones's remaining claims against Defendants.[5]

### C.  Motion for a Pre-filing Injunction

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ."  *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see Thomas* v. *Fulton,* 260 F. App'x 594, 596 (4th Cir. 2008) (citing *Cromer*, 390 F.3d at 817–18).   One means of limiting access is a pre-filing injunction, which is a "drastic remedy" that courts only should impose "sparingly," but it may be warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."  *Cromer*, 390 F.3d at 817–18 (citation and internal quotation marks omitted).   When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether he has filed vexatious harassing, or duplicative lawsuits;" (2) whether the party files his cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings;" and (4) if alternative sanctions are adequate.  *Id.* at 818.  The injunction must be "narrowly tailored to fit the specific circumstances at issue."  *Id.*

---

[5]      Even if *res judicata* did not bar Jones's claims against Montgomery County and the Education Association, her complaint would be subject to dismissal because it does not meet the pleading requirements of Fed. R. Civ. P. 12(b)(6) as explained in *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544.  She has failed to set out the elements of her claims and "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Indeed, she has not addressed sufficiently the defects identified by Judge Russell in his previous order dismissing Jones's prior claims: "In fact, the Complaint merely itemizes a few incidents without any indication of who committed the conduct, which protected class or classes apply to Jones, or that discrimination had any bearing on her termination, among other things."  *Jones II*, ECF No. 42.

Jones has filed repeated claims against Defendants alleging misconduct during her tenure at Montgomery Schools. *Jones I*, originally filed on July 18, 2013, was voluntarily dismissed by Jones without prejudice. *Jones I*, ECF Nos. 9 & 10. *Jones II* was dismissed by this Court on May 15, 2014. *Jones II*, ECF No. 42. The Fourth Circuit affirmed the dismissal of this case on appeal, *Jones*, 582 F. App'x 243, and denied Jones's motion for rehearing, *see Jones II*, ECF No. 48. This case, originally filed in the United States District Court for the District of Columbia, is Jones's third distinct case against Defendants relating to her alleged mistreatment while employed at Montgomery Schools and eventual termination.

Previously, Jones may have been under the impression that she can continue to pursue these claims against Defendants. To be clear, Jones's case will be dismissed with prejudice, and the doctrine of *res judicata* bars Jones from bringing against Defendants these claims or any other claims relating to her alleged mistreatment while working at Montgomery Schools or her termination. Therefore, despite Jones's extensive history of filing suits against Defendants, I will deny the Education Association's motion for a pre-filing injunction at this time. Should Jones persist in her futile claims against Defendants, I will reconsider imposing a pre-filing injunction.

## III.   CONCLUSION

For the reasons explained above, I will dismiss Jones's case against Defendants with prejudice and deny Defendant Education Association's motion for a pre-filing injunction.

A separate order follows.

Dated: <u>October 21, 2015</u>                                    <u>    /S/    </u>
                                                                Paul W. Grimm
                                                                United States District Judge

dpb